SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

SHAWN WESTFAHL, )
534 S. 4th St. 3 )  0008048-11
Philadelphia, PA 19147 ) Judge _____
) Civil Action No. _____
PLAINTIFF )
vs. )
)
DISTRICT OF COLUMBIA, )
Serve: )
Darlene Fields )
Office of the D.C. Attorney General )
441 4th St., NW, 6th Floor )
Washington, DC 20001 )
)
And )
)
Serve: )
Tabatha Braxton, Abby Frankson, Stephanie )
Scott or Naomi Shelton )
Office of the Mayor )
John A. Wilson Building )
1350 Pennsylvania Ave., NW, Room 419 )
Washington, DC 20004 )
)
OFC. DANIEL THAU (#4783) IN HIS )
INDIVIDUAL CAPACITY, )
District of Columbia Metropolitan Police )
Department Seventh District )
2455 Alabama Ave, SE )
Washington, D.C. )
)
OFC. DANIEL ROBINSON (#4364) IN HIS )
INDIVIDUAL CAPACITY, )
District of Columbia Metropolitan Police )
Department Seventh District )
2455 Alabama Ave, SE )
Washington, D.C. )
)
OFC. TODD CORY (#5105) IN HIS )
INDIVIDUAL CAPACITY, )
District of Columbia Metropolitan Police )
Department Seventh District )



RECEIVED
Civil Clerk's Office
OCT    11
...of the
District of Columbia
Washington, D.C.

| | |
|---|---|
| 2455 Alabama Ave, SE<br>Washington, D.C.<br><br>SGT. CRAIG D. MACK (#S0449),<br>District of Columbia Metropolitan Police<br>Department Seventh District<br>2455 Alabama Ave, SE<br>Washington, D.C.<br><br>        DEFENDANTS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT
(Civil Rights)

### THE PARTIES

1. Plaintiff Shawn Westfahl is a Pennsylvania citizen residing at 534 S. 4th St. 3, Philadelphia, PA 19147

2. Defendant District of Columbia is a municipal corporation.

3. Defendants D.C. Metropolitan Police Officers Daniel Thau, Daniel Robinson, Todd Cory, and D.C. Metropolitan Police Sgt. Craig D. Mack are and were at all times referenced herein employees of the Metropolitan Police Department (MPD), an agency of the District of Columbia, acting within the scope of their employment.

### JURISDICTION

4. This action arises under 42 U.S.C. § 1983 and under the common law.

5. This court has jurisdiction over the parties and subject matter pursuant to D.C. Code § 11-921.

### STATEMENT OF FACTS

6. On the night of October 9, 2010, Plaintiff was marching in a protest against the World Bank and International Monetary Fund (WB/IMF) when the individually named Defendants, without provocation, began deliberately assaulting him, including striking him with their fists and weapons (asps), causing him physical injuries, pain and emotional injuries. To the extent any of the individually named Defendants did not personally assault and batter Plaintiff as described, those Defendants nevertheless participated in the assault and battery on Plaintiff and causing injury to him by knowingly allowing the assault and battery to occur and failing to take any steps to prevent or halt it, contrary to the duty they owed to Plaintiff. Through these events, Plaintiff was unarmed, defenseless, made no furtive moves or gestures, and repeatedly told the Defendants that he was not resisting.

7. The above described events and unnecessary and unreasonable use of force against the Plaintiff were the result of the policies, practices and customs of the MPD to inadequately supervise and discipline law enforcement officers who use excessive force, and to inadequately train law enforcement officers on the use of force and proper police conduct under the circumstances such as existed at the time of the events described in this pleading.

8. The inadequate training, supervision and discipline of police officers by the MPD has led to the unnecessary and illegal use of excessive force such as occurred on October 9, 2010, the failure of police officers to intervene and protect private citizens when their fellow police office in their presence is engaged in excessive force such as occurred on October 9, 2010, and the failure of police officers to report the illegal activity of their fellow police officers such as occurred regarding the events of October 9, 2010.

9. The policy, practice and custom of the MPD with respect to the standard "use of force investigations" that should have been conducted into the events of October

9, 2010, is to conduct a minimal investigation designed to exonerate the officer involved rather than a reasonably thorough investigation to discover the true facts of the incident which was required but not undertaken with respect to the events of October 9, 2010.

10. As a result of the above, MPD law enforcement employees reasonably conclude that their use of excessive force such as occurred on October 9, 2010 will not result in discipline, termination, or criminal prosecution against them.

11. In an attempt to cover up the illegal and brutal treatment of Plaintiff, Defendant Officer Todd W. Cory falsely reported that Plaintiff Mr. Westfahl had struck another MPD officer in the head with a wooden stick and attempted to resist being handcuffed. Plaintiff Mr. Westfahl did not strike anyone, with or without a stick, and did not attempt to resist being handcuffed. The remaining individual Defendants were aware of Defendant Officer Cory's false report and condoned and adopted his conduct by failing to take any steps to correct this wrongful action. Plaintiff was arrested without a warrant and charged with Assault on a Police Officer (misdemeanor) and Attempted Possession of a Prohibited Weapon. The charges were subsequently dismissed for want of prosecution.

12. When Plaintiff was arrested, one of the named individual Defendants with the knowledge and assent of the other individual Defendants removed Plaintiff's asthma inhaler, in violation of established police policy and Plaintiff's rights to retain this medication after arrest and while in custody. While in custody, because he did not have his inhaler, Plaintiff suffered an asthma attack and had to be transported to the hospital for treatment and suffered physical injury, pain and emotional distress and mental anxiety during these events.

13. Defendants at the time of his arrest obtained Mr. Westfahl's prescription asthma medication from him. Defendants never returned the asthma medication to Mr.

Westfahl or made it available to him while in custody. In addition, Defendants never made the asthma medication available to those individuals who became responsible sequentially for his custody and welfare during his asthma attack.

14. At all times referenced above, all of the individually named Defendants were acting under color of District of Columbia law.

15. On April 7, 2011, Plaintiff, through counsel, submitted the appropriate and required notice of his intent to sue the District of Columbia.

## COUNT I:
## VIOLATION OF THE FIRST AMENDMENT
## (ALL DEFENDANTS)

16. This Count re-alleges and incorporates by reference all of the preceding paragraphs.

17. Plaintiff was arrested and beaten by the individually named defendants in retaliation for his lawful exercise of his First Amendment rights.

18. Defendant District of Columbia maintains a policy, practice, and custom of failing to supervise and discipline law enforcement officers who retaliate against citizens for expressing their First Amendment rights.

## COUNT II:
## VIOLATION OF THE FOURTH AMENDMENT
## (ALL DEFENDANTS)

19. This Count re-alleges and incorporates by reference all of the preceding paragraphs.

20. Plaintiff was illegally searched and seized without probable cause by the individually named defendants in violation of his Fourth Amendment rights.

21. Defendant District of Columbia maintains a policy, practice, and custom of failing to supervise and discipline law enforcement officers who use excessive force in effecting arrests.

22. Defendant District of Columbia maintains a policy, practice, and custom of failing to supervise and discipline law enforcement officers who conduct warrantless arrests without probable cause.

23. Defendant District of Columbia maintains a policy, practice, and custom of failing to train law enforcement officers in the use of less-than-lethal force.

24. Defendant District of Columbia maintains a policy, practice, and custom of failing to train law enforcement officers to intervene to protect private citizens from the illegal actions of fellow law enforcements officers.

## COUNT III:

## VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS

## (ALL DEFENDANTS)

25. This Count re-alleges and incorporates by reference all of the preceding paragraphs.

26. Defendants' actions shock the conscience and were intended to cause harm unrelated to any governmental interest.

27. Plaintiff was illegally denied his Due Process rights by the individually named defendants in violation of the Fifth and Fourteenth Amendments.

28. Defendant District of Columbia maintains a policy, practice, and custom of failing to supervise and discipline law enforcement officers who use excessive force in effecting arrests.

29. Defendant District of Columbia maintains a policy, practice, and custom of failing to supervise and discipline law enforcement officers who use excessive force in effecting arrests.

30. Defendant District of Columbia maintains a policy, practice, and custom of failing to train law enforcement officers to intervene to protect private citizens from the illegal actions of fellow law enforcements officers.

31. Defendant District of Columbia maintains a policy, practice, and custom of failing to train law enforcement officers to ensure that pretrial detainees have access to their prescription inhalers.

## COUNT IV:

## FALSE ARREST / FALSE IMPRISONMENT

## (ALL DEFENDANTS)

32. This Count re-alleges and incorporates by reference all of the preceding paragraphs.

33. The individually named defendants, acting individually or in concert, illegally arrested and imprisoned Plaintiff against his will without probable cause.

34. Defendant District of Columbia is liable under the theory of respondeat superior.

## COUNT V:

## ASSAULT AND BATTERY / EXCESSIVE FORCE

## (ALL DEFENDANTS)

35.  This Count re-alleges and incorporates by reference all of the preceding paragraphs.

36.  The individually named defendants, acting individually or in concert, did assault and batter Plaintiff and used excessive force in effecting his arrest.

37.  As a result of Defendants' wrongful actions, Plaintiff suffered physical injury, pain, suffering, emotional distress, humiliation, and mental anguish and anxiety and other injuries and damages.

38.  Defendant District of Columbia is liable under the theory of respondeat superior.

## COUNT VI:

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## (ALL DEFENDANTS)

39.  This Count re-alleges and incorporates by reference all of the preceding paragraphs.

40.  The individually named defendants, acting individually or in concert, intentionally committed the extreme and outrageous actions described in this Complaint, causing Plaintiff to suffer severe emotional distress.

41.  Defendant District of Columbia is liable under the theory of respondeat superior.

## COUNT VII:

## NEGLIGENCE

## (ALL DEFENDANTS)

42. This Count re-alleges and incorporates by reference all of the preceding paragraphs.

43. Defendants breached a duty they owed to Plaintiff, which breach proximately caused Plaintiff injuries.

44. As a result of Defendants' wrongful actions, Plaintiff suffered physical injury, pain, suffering, emotional distress, humiliation, and mental anguish and anxiety and other injuries and damages.

45. Defendant District of Columbia is liable for its failure to train, supervise, and discipline its law enforcement officers and is also liable under the theory of respondeat superior.

## COUNT VIII:

## ABUSE OF PROCESS

## (ALL DEFENDANTS)

46. This Count re-alleges and incorporates by reference all of the preceding paragraphs.

47. The individually named defendants instituted criminal proceedings against Plaintiff in an attempt to cover up their use of excessive force and to prevent Plaintiff from being able to bring a civil suit against them.

48.  As a result of Defendants' wrongful actions, Plaintiff suffered physical injury, pain, suffering, emotional distress, humiliation, and mental anguish and anxiety and other injuries and damages.

49.  Defendant District of Columbia is liable under the theory of respondeat superior.

## COUNT IX:

## LIBEL AND SLANDER

## (ALL DEFENDANTS)

50.  This Count re-alleges and incorporates by reference all of the preceding paragraphs.

51.  The false accusations against Plaintiff that he committed criminal acts to wit, that he assaulted a police officer and attempted to possess a prohibited weapon were made intentionally, with knowledge that the accusations were false, and were made by the individually named defendants recklessly and with utter disregard of whether the accusations were true and constituted libel and slander against Plaintiff.

52.  As a result of Defendants' wrongful actions, Plaintiff suffered physical injury, pain, suffering, emotional distress, humiliation, damage to his reputation, and mental anguish and anxiety and other injuries and damages.

53.  Defendant District of Columbia is liable under the theory of respondeat superior.

WHEREFORE, Plaintiff Shawn Westfahl respectfully requests the following relief:

1. Judgment against the Defendants, jointly and severally, in the amount of $1,000,000, or such other amount as may be awarded by the jury, as and for compensatory damages, plus interest and costs.

2. Judgment against the Defendants, individually, each in the amount of $1,000,000, or such other amount as may be awarded by the jury, as and for punitive damages, plus interest and costs.

3. An award of attorneys fees and other litigation costs reasonably incurred in this action.

4. Such other and further relief as the Court deems proper.

Respectfully Submitted,

_____
Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

And

_____
Daniel E. Schultz, Esquire #11510
1050 17th Street, NW
Suite 1250
Washington, D.C. 20006
(202) 452-1120
Dschultz@schultzrombly.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

_____
Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

And

_____
Daniel E. Schultz, Esquire, #11510
1050 17th Street, NW
Suite 1250
Washington, D.C. 20006
(202) 452-1120
Dschultz@schultztrombly.com

*Attorneys for Plaintiff*



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

SHAWN WESTFAHL
Vs.
DISTRICT OF COLUMBIA

C.A. No.   2011 CA 008048 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JOAN ZELDON
Date: October 7, 2011
Initial Conference: 9:30 am, Friday, January 06, 2012
Location: Courtroom A-51
515 5th Street, N.W.
WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Shawn Westfahl
_____
Plaintiff

vs.

Sgt. Craig D. Mack
_____
Defendant

Case Number  0008048-11

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Daniel E. Schultz
_____
Name of Plaintiff's Attorney

1050 17th Street NW Suite 1250
_____
Address

Washington, DC 20036
_____

202-452-1120
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 10/17/11

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANT:** IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                                  CASUM.doc

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Shawn Westfahl
_____
Plaintiff

vs.

Serve the District of Columbia, Office of the Attorney General: Darlene Fields
_____
Defendant

Case Number  0008048-11

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Daniel E. Schultz
_____
Name of Plaintiff's Attorney

1050 17th Street NW Suite 1250
_____
Address

Washington, DC 20036
_____

202-452-1120
_____
Telephone

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요     ያማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

Clerk of the Court

By _____
Deputy Clerk

Date _____

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español