**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHAWN WESTFAHL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:11-cv-2210 (CRC) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## JOINT PRE-TRIAL STATEMENT

Pursuant to Local Civil Rule 16.5, Plaintiff Shawn Westfahl and Defendants District of Columbia, Robert Robinson, and Todd Cory hereby file the following joint pre-trial statement.

I.      **Parties and Counsel**

Plaintiff

Shawn Westfahl

Daniel E. Schultz, Esq.
Schultz & Trombly, PLLC
1825 K St., NW
Suite 1150
Washington, DC 20006
Ph: 202-775-8888
dschultz@schultztrombly.com

Tamara L. Miller, Esq.
MillerMasciola Attorneys At Law
1825 K St., NW
Suite 1150
Washington, DC 20006
Ph: 202-223-8181
Tamara.Miller@MillerMasciola.com

Jeffrey L. Light, Esq.
Law Office of Jeffrey L. Light
1712 Eye Street, NW, Suite 915
Washington, DC 20006
Ph: 202-277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

Defendants

District of Columbia
Robert Robinson
Todd Cory

Kerslyn D. Featherstone
William Chang
Assistant Attorneys General
Civil Litigation Division
441 4th Street, N.W., Suite 630 South
Washington, D.C. 20001
Ph: (202) 724-6600; (202) 724-5695;
(202) 724-6295
Fax: (202) 741-8924; (202) 741-0667
Kerslyn.Featherstone@dc.gov;
William.Chang@dc.gov

II.   **Nature of the Case**

Plaintiff

This is a civil rights case in which the plaintiff, Shawn Westfahl, claims that during a protest he was attending, two police officers, Defendants Robert Robinson and Todd Cory, used excessive force against him, falsely arrested him, defamed his character, and violated his First Amendment rights. Mr. Westfahl also claims that Defendant District of Columbia is responsible for his injuries.  Defendants deny all wrongdoing.

Defendants:

This is a civil rights case in which the plaintiff, Shawn Westfahl, claims that during a protest he was attending, two police officers, Defendants Robert Robinson and Todd Cory, used excessive force against him, falsely arrested him, defamed his character, and violated his First Amendment rights. Mr. Westfahl also claims that Defendant District of Columbia is responsible for his injuries at common law, by and through the actions of Defendants Robert Robinson and Todd Cory.  Defendants submit that no action was taken against Plaintiff because of the exercise of his First Amendment right to protest, the actions taken by the police was with the good faith belief of its lawfulness, including the arrest, and that the force used by the officers was reasonable and necessary to handcuff Plaintiff.  Defendants further deny any liability or wrongdoing or that they were the cause of any injury sustained by Plaintiff.

### III.   Statement of Claims and Defenses

Plaintiff's Claims

1.      Section 1983 claim for violation of the First Amendment against defendant Todd Cory

2.      Section 1983 claim for violation of the Fourth Amendment against defendants Robert Robinson (excessive force) and Todd Cory (excessive force and false arrest)

3.      District of Columbia common law claim for false arrest against defendants Todd Cory and District of Columbia

4.      District of Columbia common law claim for assault and battery against defendants Robert Robinson, Todd Cory, and District of Columbia

5.      District of Columbia common law claim for defamation against defendants Robert Robinson, Todd Cory, and District of Columbia

Defendants' Defenses

1.      Any actions taken by the Defendants were necessary and reasonable under the circumstances and carried out pursuant to lawful authority.

2.      These Defendants took no action because of Plaintiff exercised his First Amendment rights.

3.      If Plaintiff was injured or damaged as alleged, such injuries were the result of his own intentional, illegal, and/or otherwise wrongful conduct.

4.      Probable cause existed for any actions taken by these Defendants, including Plaintiff's arrest and the force used to handcuff Plaintiff.

5.      Defendants assert immunity, qualified immunity, governmental immunity, privilege, and absence of bad faith.

6.      Self-defense or the defense of others may bar Plaintiff's claims.

4

7.      Defendants did not defame Plaintiff.  Plaintiff cannot prove that any defamatory statements were made about him, that the alleged defamatory statement was published, or that he sustained any injuries because of the alleged defamation.

8.      The District seeks a set-off for any and all benefits provided to Plaintiff by the District.

**Plaintiff objects that each of the "defenses" identified by the Defendants are simply denials of liability and/or lack adequate legal and factual support.**

**IV.**      **Undisputed Issues/Stipulations**

1.          The parties stipulate that Defendants Cory and Robinson were acting within the scope of their employment

2.          The parties stipulate to the authenticity, but not the admissibility, of Plaintiff's medical records from Sibley Hospital.

3.          The parties stipulate to the authenticity, but not the admissibility, of the PD-251.

4.          The parties stipulate to the authenticity, but not the admissibility, of the PD 313 Arrestee's Injury/Illness Report.

V.      __Witness Schedule__

An * denotes opinion witnesses

      Plaintiff's Witnesses

    1.      Shawn Westfahl (2 hours)
              5006 Cedar Ave.
              Philadelphia, PA 19143
              (215) 530-2478

Mr. Westfahl will testify about the incident and his injuries.

    2.      Benjamin Biros (1.5 hours)

Mr. Biros will testify about the incident and will narrate what is occurring in the video he took,

including authenticating the video.

**Defendants object to this witness narrating the video and its depictions as improper lay**

**opinion testimony.**

    3.      Alexander "Max" Ace (1 hour)
              22874 Courtland Drive
              Ashburn, VA 20148
              (424) 262 9223

Mr. Ace will testify about the incident and his training as a legal observer.

**Defendants object to the proposed testimony about this witness's training as a legal**

**observer as it is irrelevant to the claims before the Court.  This witness' testimony should**

**be limited to what he observed during the incident.**

    4.      *Robert Klotz (1.5 hours)
              3210 Havenwood Court
              Edgewater, MD 21037
              (410) 798-6868

Mr. Klotz will provide expert testimony about use of force.

**Defendants object to the scope of testimony as proffered by Plaintiff.  Mr. Klotz's testimony should be confined to the testimony he provided at deposition and that is included in his expert report.**

      5.      Mark Carney, M.D. (0.5 hours)
                  Mid-Atlantic Permanente Medical Group
                  8008 West Park Dr.
                  Mclean, VA 22102
                  (800) 777-7904

Dr. Carney was the treating physician for Mr. Westfahl when he went to the Emergency Room at Sibley Hospital. Dr. Carney will testify about Mr. Westfahl's injuries and the medical records generated by Sibley Hospital.

**Defendants state that Dr. Carney should only be able to testify about the injuries he personally observed and the treatment he provided, if any, as contained on the PD 313.**

      6.      Video Editor (10 minutes)

The video editor will authenticate the slowed down and/or annotated video.

**Defendants object to Plaintiff's Video Editor as he has no personal knowledge about the events that are the subject of this lawsuit and has not been designated as an expert in this case.**

    <u>Defendants' Witnesses</u>

1.    Plaintiff Shawn Westfahl

Plaintiff will testify about his involvement in the IMF protest on the day/night leading up to his arrest.  Plaintiff will testify about his involvement in other protests.  Plaintiff will further testify about the events and allegations set forth in his second amended complaint, and the injuries he claims he sustained during the incident.

Expected time: 1 hour

2.      Defendant Todd Cory
        D.C. Metropolitan Police Department
        Seventh District
        2455 Alabama Ave., SE
        Washington, DC 20020

Defendant Cory will testify about his involvement in the arrest of Plaintiff.  He will also testify about his observations during the night of the incident, his training and the allegations set forth in Plaintiff's Amended Complaint. Officer Cory will also testify about the actions he took to handcuff Plaintiff, and explain that he believed the force he used was reasonable and necessary. He will also testify about the alleged injuries sustained by Plaintiff

Expected time: 1 hour

3.      Defendant Robert Robinson


Defendant Robinson will testify about the events and allegations set forth in the Amended Complaint.  He will further testify about his observations during the night of the incident and his training. He will further testify about the actions he took to handcuff Plaintiff, and explain that he believed the force he used was reasonable and necessary.

Expected time: 1½ hour

4.      Sergeant Craig Mack
        D.C. Metropolitan Police Department
        Seventh District
        2455 Alabama Avenue, S.E.
        Washington, DC  20020

Sergeant Mack will testify about his observations during the night of the incident and about the events and allegations set forth in the Amended Complaint.

Expected time: 30-45 minutes

5.      Officer Daniel Thau
        D.C. Metropolitan Police Department
        Seventh District
        2455 Alabama Avenue, S.E.
        Washington, DC  20020

Officer Thau will testify about his observations during the night of the incident and about the events and allegations set forth in the Amended Complaint.

Expected time 30-45 minutes

6.      Lou Reiter
        887 Chula Drive
        Jasper, GA 30143

Lou Reiter, a police practices expert, will testify about the reasonableness of force as used in this case, the applicability of the use of force continuum and provide his expert opinion with a degree of professional certainty regarding Robert Robinson and Todd Cory's actions.

7.      Any witness identified by Plaintiff subject to the Defendants' objections.

VI.   **Exhibits**

Plaintiff's Exhibits

1.      Pictures of Plaintiff's injuries

2.      Plaintiff's Medical Records

        **Defendants' Objections: relevance, cumulative, lack of foundation**

3.      PD 313, Arrestee's Injury/Illness Report

4.      Original video without annotations

5.      Video without annotations, slowed down

6.      Video with annotations, slowed down

        **Defendants' Objection:  lacks foundation**

**7.**      PD-251

        **Defendants' Objection: Relevance**


Defendants' Exhibits

1.      Original Video of Protest by Ben Biros

2.      D.C. Metropolitan Police Department Video of Protestors during incident

3.      Photograph of Plaintiff after incident

4.      PD 313, Arrestee's Injury/Illness Report

5.      Exhibits identified by Plaintiff subject to the Defendants' objections.

VII. **Designation of Deposition Testimony**

Plaintiff's Designation

Plaintiff is not designating any deposition testimony to be used in his case-in-chief

Defendants' Designation

Defendants may use any deposition taken in this matter as evidence in so far as such use is permitted by the governing rules of evidence and civil procedure. Defendants object to the use of *de bene esse* depositions for any witness that Plaintiffs have not shown is unavailable for trial in accordance with the Court's rules.

**Plaintiff objects to Defendants' response for failing to designate specifically what deposition testimony will be used.**

VIII. **Demonstrative Evidence**

Plaintiff's Demonstratives

1.      Annotated Video

2.      Map of the area

**Defendants continue to object to Plaintiff's use of the Annotated Video.  Defendants further object to the map of the area as to relevance.**

Defendants' Demonstratives

1.      Enlarged Video Stills

2.      Demonstrative exhibits identified by Plaintiff subject to the Defendants' objections.

**IX.**     **Relief Sought**

Plaintiff

1.      Against Defendant Robert Robinson: Plaintiff seeks compensatory damages, punitive damages, prejudgment interest, costs, and attorney fees.

2.      Against Defendant Todd Cory: Plaintiff seeks compensatory damages, punitive damages, prejudgment interest, costs, and attorney fees.

3.      Against Defendant District of Columbia: Plaintiff seeks compensatory damages, prejudgment interest, and costs.

Defendants

1.      Defendants seek dismissal of the case with prejudice, or verdict and judgment in their favor.

2.      Defendants seek to have Plaintiff pay costs.

**X.**     **List of Pending Motions**

Plaintiff's Motions in Limine

Defendants' Motions in Limine

XI.      **Proposed Voir Dire Questions**

(See Attached)

**XII.**   <u>**Jury Instructions**</u>

(See attached)

**XIII.** **Proposed Verdict Form**

(See attached)

**XII.**     **<u>Estimated Length of Time for Trial</u>**

Three to five days.

Respectfully Submitted,

/s/ Jeffrey L. Light
JEFFREY L. LIGHT
Law Office of Jeffrey L. Light
1712 Eye Street, NW, Suite 915
Washington, DC 20006
Ph: 202-277-6213
Fax: 202-223-5316
Jeffrey@LawOfficeOfJeffreyLight.com

/s/ Daniel E. Schultz
DANIEL E. SCHULTZ
Schultz & Trombly, PLLC
1825 K St., NW
Suite 1150
Washington, DC 20006
Ph: 202-775-8888
dschultz@schultztrombly.com

/s/ Tamara L. Miller
TAMARA MILLER
MillerMasciola Attorneys At Law
1825 K St., NW
Suite 1150
Washington, DC 20006
Ph: 202-223-8181
Tamara.Miller@MillerMasciola.com

Counsel for Plaintiff

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

/s/ Patricia A. Oxendine
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Sec. IV

/s/ Kerslyn D. Featherstone
KERSLYN D. FEATHERSTONE
D.C. Bar No. 478758
WILLIAM CHANG[1]
Assistant Attorney General
Civil Litigation Division
441 4th Street, N.W., Suite 630 South
Washington, D.C. 20001
Ph: (202) 724-6600; (202) 724-5695;
(202) 724-6295
Fax: (202) 741-8924; (202) 741-
0667Kerslyn.Featherstone@dc.gov;
William.Chang@dc.gov

Counsel for Defendants

---

[1] Appearing pursuant to LCvR 83.2(f).